Dear Representative Mead:
This is in answer to your recent opinion request reading as follows:
 "Whether a county central committee of either the Democratic or Republican party may cast their votes by secret ballot to conceal the way in which individual members of that committee have voted. This question has recently arisen as a result of a county committee vote taken in Boone County to nominate a state senatorial candidate, and has arisen on past occasions when such committees have either nominated people for special elections or when recommendations have been made for appointments to elected offices by the Governor. The basic question is whether a paper ballot vote which in reality conceals the way individual committee members vote, is acceptable, or is it evasion of the open meetings law."
The term "public governmental body" is defined in Section610.010(2), H.B. No. 882 of the 79th General Assembly. We enclose Opinion No. 103, rendered September 8, 1976, to Representative John A Sharp, which holds that the St. Louis Republican Central Committee is a "public governmental body" as defined in Section 610.010(2), RSMo Supp. 1975. Such opinion holds that the meetings of such committee are subject to the "Sunshine" law. While there have been some amendments to the definition of "public governmental body" in H.B. No. 882, it is our view that the reasoning and the holding in Opinion No. 103-1976 is still valid and that political committees are "public governmental bodies" and are subject to the provisions of the Sunshine law. Therefore, it is our view that the meeting of a county central committee or the meeting of a senatorial or other political committee for the purpose of making a nomination to office to fill a vacancy is the meeting of a public governmental body and that such a meeting is subject to the Sunshine law unless specifically exempted therefrom.
Section 610.010(3), H.B. No. 882, of the 79th General Assembly, defines "public meeting" as follows:
 "`Public meeting', any meeting, formal or informal, regular or special, of any public governmental body, at which any public business is discussed, decided or public policy formulated;"
While there is no definition of the term "public business" in the Sunshine law, it is clear that the nomination of a candidate for public office is the transaction of "public business." It appears, therefore, that the meeting of a political committee at which a person is to be nominated for public office is a "public meeting" within the meaning of the Sunshine law.
"Public vote" is defined in Section 610.010(5), H.B. No. 882, 79th General Assembly, as follows:
 "`Public vote', any vote cast at any public meeting of any public governmental body." (Emphasis ours)
Section 610.025, RSMo Supp. 1975, provides that certain meetings, votes, or records may be closed meetings, closed votes, or closed records. We find none of the exceptions in Section610.025 or any other statute applicable so as to exempt the meeting of a political committee from the provisions of the Sunshine law when such meeting is for the purpose of making nominations for public office.
It therefore appears that the meeting of a political committee to nominate a candidate to an office is a "public meeting" and that a vote taken thereat is a "public vote" within the meaning of the Sunshine law.
Section 610.015, RSMo Supp. 1975, provides as follows:
 "Except as provided in section 610.025, and except as otherwise provided by law, all public votes shall be recorded, and if a roll call is taken, as to attribute each `yea' and `nay' vote, or abstinence if not voting, to the name of the individual member of the public governmental body, and all public meetings shall be open to the public and public votes and public records shall be open to the public for inspection and duplication. (Emphasis ours)
It is clear from the definition of "public vote" that any and all votes taken at a political committee meeting at which nominations for public office shall be made constitute public votes and that under the provisions of Section 610.015, such votes shall be recorded. However, it appears that the yeas and nays are to be listed following the name of the persons who participated in such vote only if a roll call is taken. The provision that the yea or nay must be attributed to each member casting a vote only if a roll call vote is taken indicates that a vote can be "recorded" without attributing a yea or nay vote to each individual voting at such meeting.
In the case of Walters v. City of St. Louis, 259 S.W.2d 377
(1953), the Supreme Court of Missouri En Banc was considering an attack on the constitutionality of the earnings tax ordinance of the City of St. Louis. One of the contentions made was as follows, l.c. 380:
 "(1) The enabling act of the 66th General Assembly upon which the ordinance is predicated, to wit: House Substitute for House Bill No. 50, now §§ 92.110-92.200
RSMo 1949, V.A.M.S., is violative of the following provisions of the Constitution of Missouri, V.A.M.S.:
* * *
 "(c) Said House Bill No. 50 was not enacted in compliance with Article III, § 22, requiring each committee of the House and Senate to which a bill is referred to keep a record of its proceedings and report the vote of its members to be filed with all reports thereon."
(Section 22 of Article III of the Constitution of Missouri provides in part as follows.)
 ". . . Each committee shall keep such record of its proceedings as is required by rule of the respective houses and this record and the recorded vote of the members of the committee shall be filed with all reports on bills."
Regarding the contention that such constitutional provision required the names of the individual members and how each of them voted, the court said, l.c. 384:
 "Appellants insist that the report as made is insufficient in that it does not set forth the names of the individual members and how each of them voted. In support of that contention they cite many cases in an effort to establish that the provisions of said Sec. 22 are mandatory and quote extended excerpts from the debates on this section during the Constitutional Convention in an effort to establish that the construction they place upon the meaning of § 22 is its intendment. Respondents cite cases and quote excerpts from the debates in an effort to establish the contrary of both contentions made by appellants. No good purpose would be served in a discussion of these cases or debates. This, for the reason that the provision simply does not require the recording of the vote of each of the members. This court would be going far afield in interpolating into the provision language that is not there and then declaring it mandatory. No one can say that the construction placed thereon by the Senate is not a literal compliance with its provisions. This point must be ruled against appellants."
It appears, therefore, that public votes can be "recorded" without listing the vote of each individual member who voted at the meeting and that such listing is required only if a roll call vote is taken. We assume that no roll call vote was taken at the meeting about which you inquire. If so, there was no violation of the Sunshine law in failing to list the yea or nay votes of the individual members of the committee who voted.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 103-1976